### APPEAL OF EL PASO & SOUTHWESTERN CO.

Docket No. 672.   Submitted April 20, 1925.   Decided June 11, 1925.

*Gordon M. Buck, Alfred P. Thom, C. L. Andrus, C. C. Paulding,* and *S. T. Bledsoe, Esqs.,* for the taxpayer.
*Percy S. Crewe* and *Laurence Graves, Esqs.,* for the Commissioner.
*John E. McClure, Esq.,* amicus curiae.

Before STERNHAGEN, LITTLETON, MARQUETTE, and TRAMMELL.

This appeal is from deficiencies in income and profits taxes for the calendar years 1918 and 1919 in the amounts of $57,143.78 and $42,548.77, respectively, aggregating $99,692.55. The deficiencies arose from the action of the Commissioner in adding to the taxpayer's income for those years the two per cent portion of the income tax borne by the Director General of Railroads when the taxpayer's property was under Federal control. The facts alleged in the petition are undisputed. The appeal was submitted with the *Appeal of New York, Ontario & Western Ry. Co.,* 1 B. T. A. 1172.

FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the laws of New Jersey and was at all times herein mentioned a common carrier subject to the Interstate Commerce Act.

2. The Director General of Railroads took possession of and operated the taxpayer's railroad from December 28, 1917, to March 1, 1920. Pursuant to the Federal Control Act and the proclamation of the President, the Director General entered into an agreement by the terms of which the annual guaranteed compensation of the taxpayer was fixed at $4,145,102.30, which was the amount certified by the Interstate Commerce Commission to the President as the average annual railway operating income of the taxpayer computed in accordance with the provisions of the Federal Control Act.

3. The Director General of Railroads bore the Federal income tax for the years 1918 and 1919 in the amounts of $73,839.42 and $83,-100.90, respectively. The Commissioner in auditing the income-tax return of the taxpayer added to its taxable income for the years 1918 and 1919 the above amounts and asserted additional tax liability, as follows: For the year 1918, $57,143.78, and for the year 1919, $42,548.77. The Commissioner also made changes in invested capital, as to which no question is raised by this appeal.

4. The taxpayer concedes that if the 2 per cent tax paid by the Director General is excluded from the taxpayer's taxable income, the additional tax for the year 1918 would be $28,789.45, and the additional tax for the year 1919 would be $19,107.97.

### DECISION.

The deficiency determined by the Commissioner is disallowed in part and approved in part. The amounts of $73,839.42 for 1918 and $83,100.90 for 1919, being the 2 per cent borne by the Director General, are not income of the taxpayer. The taxpayer's liability should be recomputed in accordance with this decision and the following opinion, and final order will be made on consent or on 15 days' notice, under Rule 50.

### OPINION.

STERNHAGEN: The sole issue is similar to that presented in the *Appeal of New York, Ontario & Western Ry. Co.*, 1 B. T. A. 1172, decided May 21, 1925, and the opinion is in all respects applicable here.

---

## APPEAL OF TANBERG AUTO CO.

Docket No. 529. Submitted May 13, 1925. Decided June 11, 1925.

*Stanley C. Coward, C. P. A.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from a deficiency in income and profits taxes in the amount of $996.01 for the calendar year 1919. In the petition filed the taxpayer set forth three assignments of error. At the hearing two of the alleged errors were waived by counsel for the taxpayer, leaving in issue only the question whether an amount expended for cleaning, painting, and renovating offices and showrooms may be deducted by the taxpayer from gross income as an ordinary and necessary expense, or whether such an expenditure should be capitalized. No evidence was offered to show that the expenditure treated in the findings represented an ordinary and necessary expense within the meaning of section 234 of the Revenue Act of 1918, and in the absence of proof of error the Board will not disturb the holding of the Commissioner that the sum expended represented a capital expenditure.

### FINDINGS OF FACT.

1. The taxpayer is a Wisconsin corporation with its principal office at Eau Claire.